The Attorney General has received your letter dated November 1, 1979, wherein you request an opinion in regard to the following questions presented for official consideration: 1. "Is it a violation of Oklahoma Statutes for an employee of the State to use public funds, equipment or employees time to influence the vote on an initiative petition election? 2. "What are the penalties for such a violation? 3. "Are the penalties for such a violation affected by the violator's efforts to make restitution to the state?" Pursuant to Article V, Section8 of the Oklahoma Constitution the Legislature enacted 26 O.S. 16-119 [26-16-119], which provides as follows: "Any official in this state who shall direct or authorize the expenditure of any public funds under his care, except as specifically authorized by law, to be used either in support of, or in opposition to, any measure which is being referred to a vote of the people by means of the initiative or referendum, or which citizens of this state are attempting to have referred to a vote of the people by the initiative or referendum, shall be deemed guilty of a misdemeanor, and the office held by such party shall be adjudged vacant and shall be filled in the manner prescribed by law." The aforesaid statute clearly states that a public official is expressly prohibited from directing or authorizing the expenditure of public funds under his care to influence any measure which is being referred to a vote of the people by means of the initiative or referendum. Although 26 O.S. 16-119 [26-16-119] does not specifically address the use of State equipment or employees' time to influence the vote on an initiative petition election, the overall intent of the section would prohibit a public official from diverting the use of equipment or the duties of other employees under his supervision to matters directly involving the support or opposition of the initiative or referendum. In researching Oklahoma case law, including prior Attorney General Opinions, there has been no prior determination that the use of employee's time or state owned equipment for a prohibited purpose would constitute an improper and indirect expenditure of public funds. However, in the California case of People v. Sperl, App.,126 Cal.Rptr., 907 (1976), the Court therein determined that a public official could not authorize the expenditure of public funds to use publicly owned vehicles for an unauthorized private use. The Court further determined that falsified employee's time records, resulting in an additional expenditure of salaries, "related" to the disbursement of public moneys. The defendant county officer was deemed guilty of misappropriating county funds (salaries and travel expenditures) for personnel performing activities which were clearly outside the scope of their proper duties. Thus, in answering your first question, the use of State equipment and diverting State employee's from their public duties to promote or influence an initiative petition or referendum would violate the provisions of 26 O.S. 16-119 [26-16-119] and constitute an unauthorized expenditure of public funds. Referring to your second question the statute provides a two-fold penalty in that a violation of this section constitutes a misdemeanor as defined in 26 O.S. 16-110 [26-16-110], as follows: "Any person deemed guilty of a misdemeanor under provisions of this act shall, upon conviction, be confined to the county jail for not more than one (1) year, or fined not more than One Thousand Dollars ($1,000.00) or both." Secondly, in addition to the criminal ramifications, the office held by the party adjudged guilty of an unauthorized expenditure of public funds is subject to a vacancy adjudication. Such a determination is controlled by 51 O.S. 8 [51-8], which provides in part: "The fact by reason whereof the vacancy arises shall be determined by the authority authorized to fill such vacancy." Upon the particular office being declared vacant, 26 O.S. 16-119 [26-16-119] provides that thereafter the office shall be filled in the manner prescribed by law. Your final inquiry concerns the violator's willingness to reimburse the illegally expended funds from his personal funds and what, if any, would be the effect of such reimbursement on the penalty provisions of 26 O.S. 16-119 [26-16-119]. Inasmuch as 26 O.S. 16-119 [26-16-119] does not provide for reimbursement in the form of restitution as an exception to the penalty provisions of this section, it is apparent that any voluntary repayment of public funds made by a violator would not prohibit criminal prosecution nor a subsequent vacancy adjudication. Lynn v. State, 100 P.2d 287
(1940); Boteler v. State, 363 So.2d 279 (1978). However, 22 O.S. 991 [22-991](c) authorizes the court, upon a verdict or plea of guilty to a criminal offense, to impose restitution as a condition of probation. As determined in Attorney General Opinion No. 72-161 at page 5: ". . . reimbursement of said funds would not be a defense to the maintaining of a criminal prosecution against the responsible parties, and the fact of reimbursement should be considered by the court or the jury only in terms of mitigating punishment." Therefore, a voluntary reimbursement of the illegally expended public funds could conceivably affect the punishment imposed upon the public official adjudged guilty of a misdemeanor in violation of 26 O.S. 16-119 [26-16-119]. It is, therefore, the official opinion of the Attorney General that your questions be answered as follows: 1. Title 26 O.S. 16-119 [26-16-119] prohibits a public official from directing or authorizing the expenditure or use of public funds equipment or employees time to influence any measure which is being referred to a vote of the people by means of the initiative or referendum. 2. Any official violating the provisions of 26 O.S. 16-119 [26-16-119] shall be deemed guilty of a misdemeanor and under 26 O.S. 16-110 [26-16-110] shall be subject to confinement in the county jail for not more than one (1) year, or fined not more than One Thousand Dollars ($1,000.00) or both. 3. In addition to the criminal ramifications, 26 O.S. 16-119 [26-16-119] requires the office held by an official guilty of a violation of this section to be adjudged vacant and thereafter filled in the manner prescribed by law. 4. The voluntary reimbursement of illegally expended public funds in violation of 26 O.S. 16-119 [26-16-119] does not prohibit criminal prosecution nor a subsequent vacancy adjudication of the office held by the violator. However, such reimbursement could conceivably be considered in mitigating the criminal sanctions imposed by a court of law against the official deemed guilty of violating the provisions of 26 O.S. 16-119 [26-16-119]. (JANET L. COX) (ksg) ** SEE: OPINION NO. 92-609 (1992) (UNPUBLISHED) ** ** SEE: OPINION NO. 80-249 (1980) **